SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ARLENE HAY, <br><br> Plaintiff, <br><br> v. <br><br> Equifax, Inc.; JPMorgan Chase Bank; Santa Clara County Federal Credit Union and DOES 1 through 100 inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES: <br><br> 1. Violation of Fair Credit Reporting Act; <br> 2. Violation of California Consumer Credit Reporting Agencies Act |

COMES NOW Plaintiff ARLENE HAY, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy.

**JURISDICTION & VENUE**

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

every paragraph above, fully set forth herein.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

5. Plaintiff filed for Chapter 13 bankruptcy protection on July 26, 2011 in order to reorganize and repair Plaintiff's credit. Plaintiff's Chapter 13 plan of financial reorganization was confirmed on August 28, 2012, binding creditors to the terms of the plan under 11 U.S.C. §1327.

6. Under the terms of Plaintiff's confirmed Chapter 13 plan, general unsecured non-priority creditors were to be paid 100% of their claims.

7. According to the Chapter 13 Trustees' accounting, Plaintiff's unsecured creditors have received a 99% distribution on all unsecured claims.

8. On March 4, 2016 Plaintiff ordered a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by Plaintiff's creditors.

9. Plaintiff noticed several tradelines all reporting misleading and inaccurate account information.

10. Defendant JPMorgan Chase Bank was reporting Plaintiff's account, beginning in 1563xxxx, with late payments and in foreclosure, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization. The status portion of this account, per the CDIA, should be updated post foreclosure to should not reflect the account past due. Despite the foreclosure and the account being owed $0.00, the status of the account continues to report the account presently 120 days past due.

11. Defendant Santa Clara County Federal Credit Union was reporting Plaintiff's account, beginning in 677xxxx, as past due, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization. Post confirmation Defendant continued to report the account late. From July of 2014 through August of 2015 Defendant reported the account delinquent, despite no payment being due.

12. Defendant Santa Clara County Federal Credit Union was reporting Plaintiff's account, beginning in 386xxxx, as open and past due, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization. Post confirmation Defendant continued to report the account late. From July of 2014 through August of 2015 Defendant reported the account delinquent, despite no payment being due.

13. In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff specifically identified in the Plaintiff's dispute letter that Plaintiff was taking issue with the past due balance, outstanding balance, late payments, charged off remarks, and/or collection remarks that were being reported and indicated that all creditors receiving a dispute needed to investigate how to properly report the debt after a Chapter 13 bankruptcy filing.

14. Plaintiff sent the disputes via certified mail to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.

15. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

16. Defendants JPMorgan Chase Bank and Santa Clara County Federal Credit Union failed to conduct a reasonable investigation and continued to report falsely to Equifax, Inc. misleading and inaccurate account information as identified above in Paragraphs 10-12.

17. Alternatively, Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Equifax, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

18. On August 1, 2016 Plaintiff ordered a second three bureau report from Experian Information Solutions, Inc. to ensure the accounts that were in dispute were being property reported.

19. In response to Plaintiff's dispute Defendants failed to conduct a reasonable investigation or any investigation at all, and did so intentionally and with reckless disregard by not consulting the CDIA, its own internal processes for reporting a bankruptcy filing, and did

not review the Chapter 13 filing and subsequent confirmation of Plaintiff's repayment plan and treatment of its claim, as Plaintiff's dispute went unchanged and Defendants continued to report Plaintiff's account with a past due balance, outstanding balance, late payments, charged off remark, and/or collection remark.

20. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

21. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

## FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Equifax, Inc. - Failure to Reinvestigate Disputed Information.**

22. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

23. After Plaintiff disputed the accounts mentioned above, Defendant Equifax, Inc. was required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendant was required to send all relevant information to the furnishers which they did not do. Defendant failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**JPMorgan Chase Bank and Santa Clara County Federal Credit Union – Reporting Inaccurate Information to Defendant Equifax, Inc. and Failure to Reinvestigate.**

24. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

25. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

26. Defendants JPMorgan Chase Bank and Santa Clara County Federal Credit Union

violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts.  Defendant Equifax, Inc. provided notice to the Defendants that Plaintiff was disputing the inaccurate and misleading information but each of the Defendants failed to conduct a reasonable investigation of the information as required by the FCRA.

27. Specifically, Defendant JPMorgan Chase Bank (Account # 1563xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was with late payments and in foreclosure, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization. The status portion of this account, per the CDIA, should be updated post foreclosure to should not reflect the account past due.  Despite the foreclosure and the account being owed $0.00, the status of the account continues to report the account presently 120 days past due.

28. Defendant Santa Clara County Federal Credit Union (Account # 677xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was past due, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization. Post confirmation Defendant continued to report the account late.  From July of 2014 through August of 2015 Defendant reported the account delinquent, despite no payment being due.

29. Defendant Santa Clara County Federal Credit Union (Account # 386xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was still open and past due, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization. Post confirmation Defendant continued to report the account late.  From July of 2014 through August of 2015 Defendant reported the account delinquent, despite no payment being due.

30. Defendants re-reported to the bureaus the misleading and inaccurate information as seen in Plaintiff's reinvestigation reports and/or credit report that was pulled after the disputes were sent.

31. The acts of the Defendants as described above were done willfully and intentionally with reckless disregard for its duties under the FCRA.

32. As a direct and proximate result of Defendants' willful and intentional inaccurate reporting, Plaintiff has suffered actual damages including but not limited to an inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, cost of pulling credit reports, and such further expenses in an amount to be determined and proven at trial.

**SECOND CAUSE OF ACTION**
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**JPMorgan Chase Bank and Santa Clara County Federal Credit Union – Reporting Inaccurate Information to Defendant Equifax, Inc.**

33. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

34. Defendants JPMorgan Chase Bank and Santa Clara County Federal Credit Union intentionally and knowingly reported misleading and inaccurate account information to Equifax, Inc.

35. Plaintiff alleges that Defendants re-reported misleading and inaccurate account information, as stated in paragraphs 10-12 and 27-29 to Equifax, Inc. in violation of California Civil Code § 1785.25(a).

36. Plaintiff also alleges that Defendants had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

37. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, the language in the Chapter 13 plan and subsequent confirmation order issued by the U.S. Bankruptcy Court, and results of its investigation should have provided notice to Defendants of their misleading and inaccurate reporting.

38. Defendants failed to notify Equifax, Inc. and that the information Defendant re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

39. Defendants' communications of false information, and repeated failures to investigate,

and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

40. As a direct and proximate result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

41. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

d. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

f. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

Dated: August 12, 2016    By:    **SAGARIA LAW, P.C.**
*/s/ Elliot Gale, Esq.*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

| | | |
|---|---|---|
| | | **SAGARIA LAW, P.C.** |
| Dated: August 12, 2016 | By: | */s/ Elliot Gale, Esq.* |
| | | Scott Sagaria, Esq. |
| | | Elliot Gale, Esq. |
| | | Attorneys for Plaintiff |